**152**

Albin FINKE, Petitioner,

v.

Gloria WHEATFALL et al., Respondents.

No. B–7703.

Supreme Court of Texas.

May 2, 1979.

Rehearing Denied May 30, 1979.

DeLange, Hudspeth, Pitman & Katz, Charles E. Fitch, Houston, for petitioner.

Fender & Crawford, Michael Crawford, Houston, for respondents.

POPE, Justice.

This is an appeal from a judgment setting aside a prior judgment that had been rendered on service of process by publication. The motion for new trial was timely filed within two years of the prior judgment. Rule 329, Tex.R.Civ.P. The court of civil appeals affirmed the judgment. 565 S.W.2d 386. The courts below correctly set aside the former judgment but made an error in the new judgment.

Mary Jane Gaston and her husband, Dan Gaston, are both deceased, and they both died intestate. They are the common source for fifty acres of Waller County property that they owned in community. Mary Jane had one daughter prior to her marriage to Dan Gaston, but there were no children born of the Gaston's marriage. Gloria Wheatfall and the other respondents are the heirs of Mary Jane Gaston.

Dan Gaston remarried after Mary Jane died and upon his death left one daughter, Mary Valentine. He also had more than seventy nieces, nephews, and other collateral heirs. A number of the Dan Gaston heirs instituted the original action seeking a partition of the entire fifty acres among those heirs only. Their action named as defendants the other heirs of Dan Gaston along with his unknown heirs who were cited by publication. The court appointed a receiver who sold all of the land to petitioner, Albin . Finke, on December 17, 1974, for $37,500.00. That sum, less court costs, was then distributed to the named Dan Gaston heirs.

Gloria Wheatfall and the other Mary Jane Gaston heirs timely filed their motion for new trial on March 20, 1975, and they also asserted a cross-action in trespass to try title. They alleged that they were not parties to and had no notice of the partition

suit and asked that the receiver's deed and the partition order be set aside in their entirety. They named and served, either personally or by publication, all of the Dan Gaston heirs who were parties to the original partition suit, together with the receiver and Albin Finke, the purchaser of the property. The court rendered an interlocutory default judgment against forty-two persons who were the named parties to the original partition suit and who were personally served in the motion for new trial action but failed to answer. They had already sold all of their interest to Albin Finke. The only persons who appeared at the final trial were the Mary Jane Gaston heirs and the petitioner Albin Finke, the purchaser from the receiver.

After a trial before the court, the trial court granted the motion for new trial, vacated and set aside the original judgment of partition and the receiver's deed "insofar as it affects any of the land hereinafter awarded to the Movants." The judgment further ordered that "the Movants herein do recover one-half interest in and to the hereinafter described real estate, being the same community interest of Mary Jane Young Gaston, and the Movants herein do recover all of the undivided interest of the Defaulting Defendants . . . ." The court then severed the "final determination of the partition" of the tract from this cause of action. Mr. Finke appealed.

The court of civil appeals correctly affirmed the judgment except for the part which awarded the Mary Jane Gaston heirs, "the undivided interest of the forty-two defaulting defendants . . . ." The Mary Jane Gaston heirs were entitled to no more than one-half of the fifty acres, but the forty-two defaulting defendants and the rest of Dan Gaston's heirs were entitled to the other half. The Dan Gaston heirs either by deeds executed by persons individually or by deed from the receiver had already sold their one-half interest to Albin Finke.

The Mary Jane Gaston heirs were required to allege and prove a meritorious claim against the partition judgment, receiver's sale, and the other proceedings based upon the original judgment. *Smith*

*v. United Gas Pipe Line Co.,* 149 Tex. 69, 228 S.W.2d 139 (1950). They sustained that burden, but only with respect to the one-half community interest they owned as heirs of Mary Jane Gaston. They proved no right to any part of the Dan Gaston one-half community which had already been sold by the receiver to Mr. Finke. Under this record, the trial court erred in setting aside the receiver's sale insofar as any part of the Dan Gaston interest was concerned. Stated another way, the trial court erred in expanding the recovery by the Mary Jane Gaston heirs beyond the one-half community interest they owned.

The judgment of the trial court is reformed so that the writ of partition, receiver's deed, report and order of confirmation of the sale are set aside only to the extent that they award or concern more than the one-half interest of the Mary Jane Gaston heirs in the fifty-acre tract. Gloria Wheatfall and the other heirs of Mary Jane Gaston shall recover such undivided one-half interest but they take nothing against Albin Finke as to the remaining one-half interest.

The judgment of the trial court also incorrectly describes the fifty-acre tract of land. The judgment is, therefore, reformed and the cause is remanded to the trial court for the rendition of a judgment in accord with this opinion.